**Lizzie E. WILLIAMS, Plaintiff,**

v.

**UNIVERSITY MEDICAL CENTER, Defendant.**

**No. 3:92cv822PS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 23, 1994.

Gail W. Lowery, Jackson, Carmen G. Castilla, Jackson, MS, for plaintiff.

Ed Davis Noble, Jr., Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment. The Court, having reviewed the motion, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

### FACTUAL BACKGROUND

On January 15, 1991, a monthly in-service meeting was held for employees of the Laundry Department of Defendant University of Mississippi Medical Center. The meeting was conducted by John Pline, Manager for the Laundry Department. During the meeting Mr. Pline announced that a new rotation work schedule had been implemented. Mr. Pline emphasized that the new schedule would be enforced immediately, and that everyone had to rotate, i.e., there would be no exceptions. Apparently some employees felt the department would make routine exceptions; management assured the employees present that would not be the case. The purpose of the schedule was to implement a job rotation to assure that employees would be familiar with all tasks of the laundry department, and to assure smoother substitution in the work force when needed. The new rotation schedule was posted and each employee was responsible for being at their scheduled posts starting the week of January 15, 1991.

The Plaintiff, Lizzie E. Williams, was not present at the January 15, 1991 meeting; she was absent on approved personal leave. On January 21, 1991, when the Plaintiff returned

to work, she resumed her old job at the feed end of the ironer. According to the new rotation schedule, this was not her assigned position for that week. The Plaintiff refused to permit the scheduled worker to perform her job as a feeder to the ironer. Even though the Plaintiff's immediate supervisor, Burna Bess, informed the Plaintiff of the new rotation schedule, the Plaintiff refused to follow the schedule or the supervisor's directions.

The next day, January 22, 1991, Mr. Pline was told of the Plaintiff's refusal to perform her assigned duties. Mr. Pline then talked at length to the Plaintiff about her actions, but she refused to follow his directions. The Plaintiff requested to talk with James W. Swisher, Director of the Laundry. During her discussion with Mr. Swisher, the Plaintiff informed Mr. Pline and Mr. Swisher that she knew how to do all jobs in the laundry department, and that she did not need to rotate. She further stated that she had health problems that prevented her from doing some of the strenuous jobs in the laundry. Mr. Swisher advised her that everyone was required to rotate and no exceptions would be made for anyone. Following the meeting with Mr. Swisher, the Plaintiff left her job and did not return. That same day Mr. Swisher wrote a letter to the Plaintiff stating that the Plaintiff chose to quit her job rather than comply with the rotation schedule. About a week after the Plaintiff left her job, someone identifying himself as Plaintiff's doctor called Mr. Pline and told him that the Plaintiff had health problems as well as financial problems. The Plaintiff's doctor then inquired about whether there were any jobs anywhere in the hospital that the Plaintiff could perform. Mr. Pline told the caller to check with the Human Resources Department. Subsequently, the Plaintiff filed an age discrimination claim with the EEOC. On May 31, 1991, the EEOC determined that the evidence obtained during its investigation did not establish a violation of the ADEA. The Plaintiff then filed this action against the Defendant on December 31, 1992, just two weeks within the statute of limitations.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"Although Rule 56 is peculiarly adapted to the disposition of legal questions it is not limited to that role." *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis* 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light more favorable to the non-moving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

The moving party has the duty to demonstrate the lack of genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods,* 687 F.2d 117, 119 (5th Cir.1982). Once a properly supported motion for summary judgment is presented, the nonmoving party must re-

but with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, the "nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Municipal Bond Reporting Antitrust Litig.,* 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see also Union Planters Nat'l Leasing v. Woods,* 687 F.2d at 119.

## LEGAL ARGUMENT

The Defendant contends that it is entitled to summary judgment as a matter of law since the Plaintiff has failed to present any proof that the Defendant intentionally discriminated against the Plaintiff. To support its position, the Defendant presented several affidavits, depositions and exhibits to demonstrate that it had a legitimate, non-discriminatory reason in terminating the Plaintiff.

The Plaintiff contends that summary judgment is not appropriate since there is a genuine issue of material fact as to whether or not the Defendant discriminated against the Plaintiff. To support her position, the Plaintiff presented her own affidavit as well as the affidavit of an older retired employee of the Defendant; the Plaintiff argues that these affidavits show that the Defendant discriminated against older employees.

The Plaintiff primarily relies upon cases from Circuits other than the Fifth Circuit to support her position. However, the Fifth Circuit has rendered several opinions that address the burdens that must be satisfied in ADEA summary judgment cases. *See Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955 (5th Cir.1993); *Moore v. Eli Lilly & Co.,* 990 F.2d 812 (5th Cir.1993); *Lindsey v. Prive*

*Corporation,* 987 F.2d 324 (5th Cir.1993); *Amburgey v. Corhart Refractories Corp., Inc.,* 936 F.2d 805 (5th Cir.1991). This Court is bound by Fifth Circuit decisions and must follow the law set forth in the Fifth Circuit cases.

According to the ADEA "it shall be unlawful for an employer ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). In *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955 (5th Cir.1993), the Fifth Circuit discussed the burdens that must be satisfied before a plaintiff is entitled to recover for age discrimination. *Bodenheimer* is important because it discusses one of the latest discrimination cases from the United States Supreme Court, *St. Mary's Honor Ctr. v. Hicks,* — U.S. —, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and the effect that *St. Mary's* has on plaintiffs in age discrimination cases.[1] The Court in *Bodenheimer* stated:

> In age discrimination cases, the plaintiff is required to make a prima facie case, wherein he must demonstrate that: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. If the plaintiff meets these requirements, a presumption of discrimination arises which the defendant must then rebut by articulating a legitimate, nondiscriminatory reason for the discharge. Once the employer satisfies this burden, the presumption of age discrimination established by the employee's prima facie case dissolves.

> Once the employer has met its burden of production, the plaintiff's burden of persuasion then arises and he must prove that the proffered reasons are not just pretexts but *pretexts for age discrimination.* Prior to the Supreme Court's recent decision in *St. Mary's Honor Ctr. v. Hicks,* — U.S. —, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), confusion reigned among the circuit

---

**1.** *St. Mary's Honor Ctr.* involved race discrimination, not age discrimination, but the conclusion is applicable to both.

courts as to whether the plaintiff could prove employment discrimination simply by showing that the defendant's reasons were not credible. The Court in *St. Mary's* put the issue to bed. To prevail ultimately, the plaintiff must prove, through a preponderance of the evidence, that the employer's reasons were not the true reason for the employment decision *and* that unlawful discrimination was.

*Bodenheimer*, 5 F.3d at 957 (emphasis in original) (citations omitted).

If the Court assumes that Plaintiff was constructively discharged, then Plaintiff has established a *prima facie* case of age discrimination. She was discharged from the laundry department; she was qualified to be a laundry worker; she was over forty years old at the time she was terminated from the laundry department; and she was replaced by someone younger.

The Defendant has satisfied its burden of production by articulating a legitimate, non-discriminatory reason for discharging the Plaintiff; the Plaintiff was terminated because she refused to abide by the new rotation schedule for the laundry department, which was applied without regard to age or physical ability of employees. The evidence presented by the Defendant shows that the new rotation schedule was implemented so that every worker would know how to do all jobs in the laundry department; this would help the laundry department operate more efficiently and help when workers were absent from their jobs. Everyone was being cross-trained, and it was explained to everyone including the Plaintiff that no exceptions would be made. The affidavits of John Pline, Laundry Manager of the Defendant, James W. Swisher, Director of the Laundry and Lines Services for the Defendant, and Jo Anne Ertle, Administrative Secretary to the Laundry and Linen Department of the Defendant, unequivocally state that the new rotation schedule was explained to the Plaintiff, and the Plaintiff refused to rotate.

The burden now shifts back to the Plaintiff to prove that the proffered reasons are pretexts for age discrimination. As stated by the Fifth Circuit in *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815–16 (5th Cir.1993):

"Specifically, '[t]here must be some proof that age motivated the employer's action, otherwise the law has been converted from one preventing discrimination because of age to one ensuring dismissals only for just cause to all people over 40.'"

The Plaintiff has presented no evidence which raises a genuine issue of material fact that the reasons given by the Defendant were pretexts for age discrimination. Although the Plaintiff in her affidavit states "[i]t seemed that the rotation system was a plan to get rid of the older workers," the Plaintiff admitted in her deposition that the Defendant never mentioned age to her in relation to her work.

The Plaintiff argues that there is a genuine issue of material fact because there are inconsistencies in Mr. Pline's and Mr. Swisher's testimony about whether the Plaintiff was assigned to a particular job in the laundry. Likewise, the Plaintiff also appears to contradict herself about this issue in her testimony. The Plaintiff in her deposition testified that she had a specific job assignment as feeder of the iron, yet the Plaintiff admitted that her job duties were to perform whatever was assigned to her and she did what she was assigned. The Plaintiff in her own deposition admitted that she never had any objections to doing anything that she was asked to do, yet she testified that "after he told me that I could go sign out or go back down there and go to work, I went around—I told him I guess I had to sign out because I wasn't able to do all the things he wanted me to do." The affidavits of Mr. Pline, Mr. Swisher, and Ms. Ertlr each state that the Plaintiff on January 22, 1991, refused to abide by the new rotation schedule.

The Plaintiff also contends that there is a genuine issue of material fact because there are inconsistencies in Mr. Pline's affidavit and deposition about whether the Plaintiff requested to meet with Mr. Swisher. These inconsistencies only indicate there is a factual dispute as to how the Plaintiff was terminated, their existence does not provide direct or even indirect proof that she was fired because of age, or that Defendant's stated reason was pretextual. The Plaintiff also argues

that Mr. Pline's testimony and Mr. Swisher's testimony is contradictory about whether she told them she was unable to perform certain tasks in the laundry because of her physical condition. In Mr. Pline's deposition he admitted that the Plaintiff made him aware of her alleged health problems on January 22, 1991. However in Mr. Swisher's deposition, Mr. Swisher indicates that he was not aware of the Plaintiff's health problems. Mr. Swisher submitted a supplemental affidavit, in which he explains that he was not made aware of the Plaintiff's alleged health problems until January 22, 1991. Although there may be inconsistencies in the testimony of Mr. Pline, Mr. Swisher, and the Plaintiff, this testimony does not create a genuine issue of material fact as to whether the Defendant's reason for terminating the Plaintiff was pretextual or based on age. This is true even if the Court does not consider the supplemental affidavit of Mr. Swisher.

The Plaintiff also presented the affidavit of Aliece Garrett, which the Plaintiff contends supports her position that other older employees had been forced to leave their positions at the laundry department of the Defendant. In Ms. Garrett's affidavit, Ms. Garrett states that after she hurt her hand, she started complaining about the workload. She contends that Mr. Swisher asked her if she was old enough to retire and that she received no words of encouragement from Mr. Swisher. She further states that she was forced to retire due to the lack of support in the laundry department for the older workers. In the supplemental affidavit of James Swisher, Mr. Swisher states that the records of the Defendant indicates that Alice Garrett was not forced to quit but voluntarily retired. In addressing evidence similar to the evidence presented here the Fifth Circuit in *Amburgey v. Corhart Refractories Corp. Inc.*, 936 F.2d 805, 813 (5th Cir.1991), stated "The issue ... is whether the [defendant] discriminated against [the plaintiff], not whether it discriminated against other older employees." Conclusory statements are not sufficient to prevent granting of a motion for summary judgment. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992).

Based on the evidence as presented in this case and the law as set forth by the Fifth Circuit, the Court finds that the affidavit of Alice Garrett does not create a genuine issue of material fact as to whether age was a factor in the Plaintiff's termination. Although Ms. Garrett's affidavit may raise an issue about Defendant's discrimination against another employee (Ms. Garrett) based on age it does not provide any evidence to show that Plaintiff was discriminated against because of her age. Plaintiff can survive summary judgment only if she demonstrates that Defendant discriminated against her because of her age. This she has not done. Ms. Garrett retired before the rotation schedule was implemented and Ms. Garrett was not terminated for insubordination.

The Court finds that the evidence presented by the Plaintiff does not support the Plaintiff's allegation that the rotation schedule was implemented to get rid of her because of her age. In fact, the testimonies of Mr. Pline and Mr. Swisher show that there are a few laundry employees who are older than the Plaintiff.

"Therefore, in ADEA cases, a court considering summary judgment must decide whether plaintiff's facts, if believed, would prove that, more likely than not, the employer fired the employee because of his age.". *Bodenheimer*, 5 F.3d at 959, fn. 8. Altogether, Plaintiff has failed to present evidence that would justify a fact finder in returning a verdict for Plaintiff.

Plaintiff was just returning from burying her husband when she was constructively terminated. The record indicates that Plaintiff had been a faithful employee for 22 years. If her physical condition would not allow her to do all of the work in the laundry, it may have been unfair to terminate her under these circumstances. Her termination might have shown a lack of compassion. The Court does not have before it sufficient facts to make a finding in these areas. However, even if her termination was unfair, demonstrated a lack of compassion, or even if it was wrong or unlawful, that does not create a cause of action under the ADEA. The

ADEA provides a cause of action only if she was terminated because of her age.

> "[T]he ADEA was not created to redress wrongful discharge simply because the terminated worker was over the age of forty. A discharge may well be unfair or even unlawful yet not be evidence of age bias under the ADEA. To make out an ADEA claim, the plaintiff must establish the existence of discrete facts that show some nexus between the employment actions taken by the employer and the employee's age."

*Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir.1993).

> "The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers."

*Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507–08 (5th Cir.1988) (citations omitted).

Counsel for Plaintiff has done a good job of arguing Plaintiff's case on the limited facts available. Prior to *St. Mary's Honor Ctr.* and *Bodenheimer* these limited facts might have been sufficient to avoid summary judgment. Certainly these facts would have survived summary judgment in some Circuits cited by Plaintiff. *Bodenheimer*, like this case, involved the question of whether it was appropriate to grant a motion for summary judgment. Under *St. Mary's Honor Ctr.* and *Bodenheimer* this Court does not feel Plaintiff has submitted evidence to make a "genuine issue" of a "material fact." Consequently, the Defendant is entitled to judgment as a matter of law in that Plaintiff has presented no evidence to show that her termination was the result of age discrimination by the Defendant. Hence, there is no "genuine issue" as to any "material fact."

A judgment will be entered accordingly pursuant to Fed.R.Civ.P. Rule 58.

SO ORDERED AND ADJUDGED.

### *JUDGMENT*

This day this cause came on for hearing before the Court on the Motion for Summary Judgment filed on behalf of the Defendant, the issue having been duly heard and a decision having been duly rendered:

It is Ordered and Adjudged:

That the Motion for Summary Judgment is GRANTED and the Complaint filed by the Plaintiff is dismissed with prejudice.

SO ORDERED AND ADJUDGED.