# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 13-274

**PHYLLIS J. GREEN**

**VERSUS**

**EVANGELINE PARISH POLICE JURY**

**\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, DOCKET NO. 69,746
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
912 5th Street
Post Office Box 1311
Alexandria, Louisiana 71309-1311
(318) 487-4589
COUNSEL FOR PLAINTIFF/APPELLANT:**
    Phyllis J. Green

**Joel P. Babineaux**
**Olivia S. Regard**
**Babineaux, Poché, Anthony & Slavich, L.L.C.**
**Post Office Box 52169**
**Lafayette, Louisiana  70505-2169**
**(337) 984-2505**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Evangeline Parish Police Jury**

**GENOVESE, Judge.**

Plaintiff, Phyllis J. Green, appeals an adverse judgment following a bench trial on her age, gender, and racial discrimination claims against Defendant, Evangeline Parish Police Jury (the Police Jury). The trial court ruled that Ms. Green failed to satisfy her evidentiary burden of proving that the Police Jury discriminated against her on the basis of age, gender, or race. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2007, the Evangeline Parish Registrar of Voters, Ted Soileau, announced his resignation at a meeting of the Police Jury.[1] The Police Jury held a meeting to appoint a new Registrar of Voters on April 9, 2007,[2] and four individuals were nominated for the position: Ms. Green, Doug Deville, Darrel McGee, and Lucas Buller. After two rounds of voting were held, Lucas Buller was appointed as the Registrar of Voters for Evangeline Parish.

Ms. Green filed suit on April 9, 2008, against the Police Jury alleging age, gender, and racial discrimination pursuant to the Louisiana Employment Discrimination Law (LEDL).[3] According to Ms. Green's petition, she "applied with [the Police Jury] to fill the job of Registrar of Voters, [but her] application was denied by [the Police Jury] at its regularly scheduled meeting on April 9,

---

[1]Louisiana Constitution Article 11, § 5 provides:

> The governing authority of each parish shall appoint a new registrar of voters, whose compensation, removal from office for cause, bond, powers, and functions shall be provided by law. Upon qualifying as a candidate for other public office, a registrar shall forfeit his office. No law shall provide for the removal from office of a registrar by the appointing authority.

[2]Louisiana Revised Statutes 18:51(C)(1), prior to its amendment in 2008, read in pertinent part: "A vacancy for any cause in the office of registrar shall be filled by the parish governing authority within ten days after the date on which the vacancy occurs."

[3]Louisiana Revised Statutes 23:301–369.

2007[,] for no reason." Ms. Green further asserted that "she is an African-American female over the age of forty (40)[,]" and she has been "employed in the Registrar of Voters['] office . . . over thirty (30) years since July 15, 1976." Ms. Green alleged that the Police Jury "appointed Lucas Buller, a white male under the age of forty (40) with no prior experience in the Registrar of Voters['] office[,]" and, thus, "the denial of her application for appointment of Registrar of Voters and the appointment of Lucas Buller by [the Police Jury were] based on race, gender, and age discrimination by [the Police Jury] against [her]."

The Police Jury denied all allegations. A bench trial was held on November 19, 2012. On November 28, 2012, the trial court issued written Reasons for Judgment, recounting the evidence before it and explaining its decision, in pertinent part, as follows:

> [T]he Police Jury met in an open meeting to appoint a successor to Mr. Soileau. At this meeting four (4) candidates were nominated for the position of Registrar. The four (4) candidates for the position of Registrar were Doug Deville, who was the Secretary Treasurer for [the] Police Jury, Plaintiff, Phyllis J. Green, who was the Deputy Registrar of Voters, Darrel McGee, who was a self-employed businessman, and Lucas Buller, who was a former Bank Vice President, who was then employed by Ronald J. Landreneau and Associates, a local engineering firm.
>
> On the first ballot taken by the Jury, Darrel McGee received one vote, Phyllis J. Green received two votes, and both Doug Deville and Lucas Buller received three votes. A second ballot was taken wherein Lucas Buller received five (5) votes to Doug Deville's four (4) votes. [Lucas] Buller was appointed as Registrar of Voters for Evangeline Parish.
>
> Plaintiff, Phyllis J. Green filed this action against the Evangeline Parish Police Jury, contending that the Jury discriminated against her when it selected Lucas Buller to fill the job of Registrar of Voters for the Parish of Evangeline. [Phyllis] Green is [a woman] of African American descent who is above the age of forty (40) who has been employed in the Registrar of Voters Office for a period exceeding thirty (30) years. [Lucas] Buller, on the other hand, is a

2

white male who was under the age of forty (40) at the time of his appointment.

. . . .

At trial[,] the Court heard from former Registrar Ted Soileau, plaintiff Phyllis Green, former President of the Jury[,] Bill Guidry (now deceased) by deposition, current Police Juror Richard Thomas, former Juror Ronald Doucet, current Juror Eric Soileau, former Juror Sidney Fontenot, former Juror Davis Manual (by deposition), former Juror Bob Manual (by deposition), and former Juror Hill Johnson (by deposition).

In their live testimony, both African American Jurors who voted for Ms. Green's appointment (Richard Thomas and Ronald Doucet) testified that they had no personal knowledge that race, gender, or age had anything to do with the votes cast by the Jury.

In the testimony of the other Jurors, some of whom voted for Doug Deville or Lucas Buller, all testified that race, age, or gender had nothing to do with their decisions in casting their votes on the appointment.

Ms. Green in her testimony specifically told the Court that no Juror ever told her that she would not get the job because of her race, gender, or age. Ms. Green further testified that she had no personal knowledge or document which would show that her race, age or gender had any bearing on the way the Jurors voted.

The evidence indicates that the Jurors who voted for Mr. Deville did so for reasons arising out of his service to them in his capacity as Secretary Treasurer of the Evangeline Parish Police Jury. The evidence further indicates that those who voted for Mr. Buller did so for reasons of political alliance with Mr. Buller's father who was a former colleague of theirs. Such evidence shows that the members of the Jury were not discriminating against Ms. Green for reasons of her race, gender, or age.

A judgment was signed on January 18, 2013. Ms. Green has appealed, asserting that the trial court erred in ruling that she failed to prove discrimination and, thereafter, dismissing her claims with prejudice.

## LAW AND DISCUSSION

On review, an appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "[T]he issue to be

resolved by the reviewing court is not whether the factfinder was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Hanks v. Entergy Corp.*, 06-477, p. 23 (La.12/18/06), 944 So.2d 564, 580. If the findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

*Montgomery v. C & C Self Enters., Inc.*, 10-705, p. 4 (La.App. 3 Cir. 3/30/11), 62 So.3d 279, 282, *writ denied*, 11-873 (La. 6/3/11), 63 So.3d 1016 (alteration in original).

Louisiana Revised Statutes 23:312 governs discrimination in employment based on age and provides in part:

> A. It is unlawful for an employer to engage in any of the following practices:
>
> (1) Fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment because of the individual's age.
>
> (2) Limit, segregate, or classify his employees in a way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of the individual's age.

Louisiana Revised Statutes 23:332 governs discrimination in employment based on gender and race and provides in part:

> A. It shall be unlawful discrimination in employment for an employer to engage in any of the following practices:
>
> (1) Intentionally fail or refuse to hire or to discharge any individual, or otherwise intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.
>
> (2) Intentionally limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an

employee, because of the individual's race, color, religion, sex, or national origin.

This court's recent opinion in *Montgomery*, 62 So.3d at 281-82, illustrates the requisite burdens of proof in employment discrimination claims:

> In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court set forth the basic allocation of burdens and order of presentation of proof in an employment discrimination case. First, the plaintiff must bear the initial burden of establishing a prima facie case of discrimination. *Id.* In order to prove a prima facie case of age discrimination, the plaintiff must show that: (1) she is in the protected age group between the ages of forty and seventy years; (2) her employment with the defendant was involuntarily terminated; and (3) she was qualified to perform the job she was employed to perform. *Taylor v. Oakbourne Country Club*, 02-1177 (La.App. 3 Cir. 5/14/03), 846 So.2d 959, *writ denied*, 03-2025 (La.11/7/03), 857 So.2d 494; *See also*, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); and *McDonnell*, 411 U.S. 792, 93 S.Ct. 1817. Establishing a prima facie case in effect creates a presumption that the defendant unlawfully discriminated against the plaintiff. *Hicks*, 509 U.S. 502, 113 S.Ct. 2742.

> If the plaintiff succeeds in establishing a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its conduct. *Reeves*, 530 U.S. 133, 120 S.Ct. 2097. This burden on the defendant[] is one of production, not persuasion. *Id.* If the defendant provides such reasons, the plaintiff will then have an opportunity to prove, by preponderance of the evidence, that the defendant's proffered reasons were merely pretext, or in other words, not the true reason for the alleged discrimination. *Id.*

The trial court found there was no showing that Ms. Green's age, gender, or race actually played a role in the Police Jury's decision making process. We agree.

Although Ms. Green was qualified to be the Registrar of Voters, she has failed to prove that her age, gender, or race had any bearing whatsoever on the Police Jury's decision not to appoint her for the position. Ms. Green even admitted at trial that no member of the Police Jury ever told her that her age, gender, or race

5

were the reasons why she was not appointed to be the Registrar of Voters. When asked why she felt that the Police Jury had discriminated against her, she explained, "I didn't get any white votes that night. All I had was the two black votes that the police jurors [sic], and I was a woman[,] and I was black, and I didn't get out of the other seven I didn't get any white votes . . . ."

Our review of the evidence in the record reveals that it contains a reasonable factual basis for the trial court's conclusion, and the record does not establish that the trial court's findings were clearly wrong or manifestly erroneous.

> In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Thus, if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently.

*Gradney v. La. Commercial Laundry*, 09-1465, pp. 2-3, (La.App. 3 Cir. 5/12/10), 38 So.3d 1115, 1118 (citations omitted) (internal quotation marks omitted).

*Derouen v. Malahmeh*, 10-1002, pp. 3-4 (La.App. 3 Cir. 2/9/11), 61 So.3d 693, 696 (alteration in original). Not finding the trial court's conclusion to be clearly wrong or manifestly erroneous, we affirm the trial court's judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Plaintiff/Appellant, Phyllis J. Green.

**AFFIRMED.**

6