CHUTZ, J.,
dissenting.
hi respectfully dissent with the majority’s opinion in this case. The evidence was simply insufficient to support the jury’s conclusion of liability under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, or the Louisiana’s Age Discrimination Employment Act (LA-DEA), La. R.S. 23:311-314; or the amount of its award of damages to plaintiff, James Robinson.
Under the ADEA or the LADEA, Robinson was first required to establish a pri-ma facie case of age discrimination. Initially, I question whether the record contains any competent evidence to support a finding that Robinson’s termination was involuntary, which is among the requisite elements of his initial prima facie burden. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); see also Montgomery v. C & C Self Enterprises, Inc., 2010-706 (La.App. 3 Cir. 3/30/11), 62 So.3d 279, 281-82, writ denied, 2011-0873 (La. 6/3/11), 63 So.3d 1016 (setting forth as one of the elements a plaintiff must establish to support a prima facie claim a showing that his employment with the defendant was involuntarily terminated).
In concluding there was no manifest error with an implicit finding by the jury that Robinson established a prima facie showing of an involuntary termination, the majority relies only on Robinson’s self-serving testimony that he was forced to resign, despite the fact that he failed to show he was demoted; suffered a reduction in salary; was offered either an early retirement or a continuation of employment on terms less favorable than his former status. See Haley v. Alliance Compressor LLC, 391 F.3d 644, 649-650 (5th Cir. 2004). The evidence tending to suggest that Robinson’s job responsibilities were reduced and that he was reassigned to menial or degrading work occurred only after Robinson had voluntarily submitted his retirement. The record is devoid of evidence showing that Robinson was reassigned to work under a younger supervisor prior to his decision to retire. And while Chief Joey Strum’s response to Robinson’s inability to adapt to his new position as a second-in-command Major may have been perceived as badgering, harassing, or humiliating by Robinson, there is no evidence showing Chief Strum had an invidious intent to create or perpetuate intolerable conditions compelling Robinson’s resignation at the time that Robinson decided to submit his retirement papers.
Even assuming arguendo that the jury was not manifestly erroneous and, therefore, that Robinson showed his initial pri-ma facie case of age discrimination, the burden would have then shifted to the Board of Supervisors for the University of Louisiana System (Board of Supervisors) to articulate a legitimate, nondiscriminatory reason for the conduct of the University of Louisiana at Lafayette Police Department (ULLPD). See Montgomery, 62 So.3d at 279 (citing Beeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).
The record reflects that ULLPD had such a reason: ULLPD expected Robinson to change his manner of performing his job with both his promotion to Major and ULLPD’s shift from community policing to intelligence-led policing, and Robinson failed to meet ULLPD Chief Joey Sturm’s expectations. It was thereafter incumbent on Robinson to establish ULLPD’s proffered reason was merely *524 pretextual, and that his discharge would not have occurred absent unlawful age discrimination. See Montgomery, 62 So.3d at 282
While the jury may have rejected the proffered reason offered by the Board of Supervisors, even when the employer’s proffered reason is unpersuasive, or |aobviously contrived, it does not necessarily establish that the plaintiffs assertion of age discrimination is correct. Gross v. FBL Financial Services, Inc., 557 U.S. 167, 176-78, 129 S.Ct. 2343, 2350-51, 174 L.Ed.2d 119 (2009). Therefore, to prevail on his claim, a plaintiff must show that age motivated the employer’s decision. In other words, age must actually have played a role in the employer’s decision-making process and had a determinative influence on the outcome. Montgomery, 62 So.3d at 282 (relying on Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). Neither the ADEA nor LADEA was intended to transform the courts into personnel managers. These age-discrimination-in-employment acts cannot protect older employees from erroneous or even arbitrary personnel decisions. See Montgomery, 62 So.3d at 287.
Robinson urges that the jury’s implicit determination of age discrimination is supported by evidence of age-based comments, disparate treatment, and the building of a disciplinary file against him by Chief Sturm. But a close examination of the evidence and law relative to each of these bases does not support this conclusion by the jury.
In order for age-based comments to demonstrate discrimination, Robinson must have proven it was the decision-makers who stated the discriminatory comments that led to an involuntary termination. See Wyvill v. United Companies Life Ins. Co., 212 F.3d 296, 304 (5th Cir. 2000). The evidence presented to the jury shows Robinson proved only that “command staff,” all of whom were lower ranking than plaintiff and none of whom had decision-making authority over him, made age-based discriminatory comments once or twice. Robinson suggests that when Chief Sturm retened to ULLPD in 2009, the environment changed and age-based derogatory comments by subordinate officers showed that the Chief, who had decision making authority over him, discriminated against him. But this is also insufficient to establish age discrimination since it is the decision-makers’ Lderogatory comments that can reveal an employer’s discriminatory motives. There .is no evidence either linking age-based discriminatory comments to Chief Sturm or tending to show that decision-makers were aware of such comments and did nothing. Thus, there is no evidentiary support for an implicit finding by the jury that age-based comments demonstrated age discrimination toward Robinson by ULLPD.
To show disparate treatment, Robinson had to introduce evidence showing that ULLPD gave preferential treatment to younger employees under “nearly identical” circumstances to Robinson’s. See Wyvill, 212 F.3d at 304. The record fails to establish anyone in “nearly identical” circumstances to Robinson having been treated more favorably since there is nothing to show that someone younger than Robinson failed to perform a direct order from Chief Sturm and, after advising the Chief of his inability to comply, received a more favorable response from Chief Sturm. Without an evidentiary basis for the jury to conclude that Robinson had been treated differently by ULLPD than a younger person under nearly identical circumstances, - the jury erred in implicitly finding that Robinson proved age discrimination due to disparate treatment.
*525 The act of maintaining/building disciplinary files on employees, without more, is not illegal age discrimination employment. In the absence of any nexus between a plaintiffs allegation of file building and his age, such assertions are insufficient to create an inference that plaintiff was fired on account of age. See Wyvill, 212 F.3d at 305-06. The first instance of the file building occurred when Robinson failed to adapt to the changes expected of him both as a result of the intelligence-based policing and as second-in-command under the new departmental policy. According to Robinson, none of his duties changed when he was promoted; and he articulated numerous discrete functions that he performed both before and after his promotion. But Chief Strum testified he expected Robinson to act as an assistant chief and the written job description attached to the title of Police Major A 1 sstated that 80% of Robinson’s new duties as the ULLPD Major were to oversee operational functions rather than to perform discrete functions. Although the jury may have correctly determined that Chief Sturm failed to communicate this new vision to Robinson, the job description provided to Robinson bears his signature evincing his notice of ULLPD’s new expectation of him. Even if Robinson’s termination was unfair, demonstrated a lack of compassion, or was wrong and unlawful that does not create a cause of action under the ADEA or the LADEA.[1] See Williams v. Univ. Med. Ctr., 846 F.Supp. 508, 512-13 (S.D. Miss. 1994), aff’d, 46 F.3d 66 (5th Cir. 1995) (relying on Moore v. Eli Lilly & Co., 990 F.2d 812, 819 (5th Cir. 1993) and Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1507-08 (5th Cir. 1988)).
While it is evident the jury believed that Chief Sturm unfairly treated Robinson, that determination is insufficient to support the conclusion that ULLPD’s motive in building a file against him was based on age. An inability to adapt to a changing work environment is not inherently age-based conduct so as to support a finding of a discriminatory motive based on age. Robinson failed to provide evidence establishing a nexus between his allegation of file building by ULLPD and his age so as to support a finding by the jury of age discrimination.
The United States Supreme Court has held that after the presentation of all the evidence in an ADEA claim, the overall evidence ultimately must be sufficient for a jury to conclude that age discrimination— and age discrimination alone — was the true reason for the employment decision. See Gross, 557 at 176-78, 129 S.Ct. at 2350-51. A thorough review of the evidence in this case clearly shows that Robinson failed to establish age discrimination was the basis for his retirement; and he certainly failed to produce any proof that age discrimination by ULLPD was the sole ^motivation for his decision to submit his retirement papers. Thus, Robinson failed to prove entitlement to any relief under either the ADEA or the LADEA. The jury’s conclusion to the contrary was error.
Lastly, because there is a lack of a reasonable basis to support the amount of damages, I believe the majority errs in affirming the jury’s award of $367,918.00. Robinson did not assert entitlement to a general damage award. Likewise, he neither claimed damages for mental anguish *526 nor offered any evidence to support such an award. Mindful that the jury was never charged with the elements of either general damages or a mental anguish award, its award was limited to a claim for loss of wages in this case. The most favorable evidence to support an award for loss of wages was Robinson’s testimony establishing that he earned $69,900.00 annually and that he had intended to work an additional three years but felt forced to retire. Even adjusting for merit increases, the jury’s award of $367,918.00 was excessive and should have been reduced. See Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La. 1976).
For these reasons, in my view, the law and evidence are insufficient to support, Robinson’s claim of unlawful discrimination based upon age. Thus, I disagree with the majority’s determination of liability. I further disagree with the majority decision insofar as it affirms the amount of damages since, even assuming that the evidence was sufficient to support plaintiffs claim, damages ought to have been limited to Robinson’s lost wages. Accordingly, I respectfully dissent.

. The evidence established that when Robinson tendered his documents indicating his intent to retire, the disciplinary action taken by Chief Sturm against him was rescinded. Thus, the legality of Chief Sturm’s disciplinary action was never adjudicated.