# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-1465


**SHAWN GRADNEY**

**VERSUS**

**LOUISIANA COMMERCIAL LAUNDRY**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - NUMBER TWO
PARISH OF RAPIDES, NO. 08-05712
JASON GERARD OURSO, WORKERS' COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain,*
Judges.

**AFFIRMED AS AMENDED.**

Chatelain, J., concurs and assigns written reasons.


**H. Douglas Hunter**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrell**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**Counsel for Defendant/Appellant:**
**Louisiana Commercial Laundry**


*Honorable David E. Chatelain participated in this decision by appointment of the
Louisiana Supreme Court as Judge Pro Tempore.

**George Stubbs Bourgeois  Jr.**
**Attorney at Law**
**421 N. Main St.**
**Opelousas, LA 70570**
**(337) 948-9111**
**Counsel for Plaintiff/Appellee:**
**Shawn Gradney**

**SAUNDERS, Judge.**

Herein, we address whether the trial court erred in awarding temporary total disability benefits, penalties for failure to pay medical bills and disability benefits, and attorney fees. For the following reasons, we affirm the ruling of the trial court and award additional attorney fees.

**FACTS AND PROCEDURAL HISTORY:**

On March 21, 2008, Shawn Gradney (Gradney) sustained a leg injury while engaged in his employment with Louisiana Commercial Laundry-Single Source Supply (LCL). His duties with LCL required him to report to the company's Lafayette office, load up his truck, and travel a route through Lake Charles to casinos where he would pick up dirty laundry and replace it with clean laundry. On Friday March 21, 2008, while pushing a full laundry buggy up an incline into his truck, Gradney felt something pull in his leg near the hip. He reported the injury to his supervisor, Justin Morton.

After a weekend of rest, Gradney attempted to resume his work responsibilities on the following Monday. The pain was overwhelming, and his supervisor advised him to see a doctor. On March 26, 2008, Gradney met with his family doctors, Drs. Derek and Lana Metoyer, who took him off of work for one week. He returned to work on April 1, 2008, but the pain eventually flared up again. He again consulted with his doctors at the Metoyer Medical Clinic, and he was taken off of work from April 3, 2008 until April 14, 2008. Gradney never returned to work with LCL.

Gradney was treated at the Metoyer Medical Clinic from March 26, 2008 through June 19, 200, and was diagnosed as having suffered a strained groin. He was ordered to have an MRI, was prescribed Lortab, and required crutches to get around.

On June 25, 2008, Gradney instituted a claim for workers' compensation

benefits. A trial was held on this matter on May 11, 2009. The court found that Gradney sustained his burden of proving the accident on March 21, 2008, and his subsequent disability from April 3, 2008 through June 19, 2008. The court awarded Gradney temporary total disability (TTD) benefits in the amount of $307.86 per week. The court also awarded a $2,000.00 penalty for the insurer's failure to pay a bill to Metoyer Medical Clinic, a $2,000.00 penalty for failure to pay TTD benefits, and $7,500.00 in attorney fees.

LCL appeals this judgment and asserts the following assignments of error. Gradney has answered the appeal and prayed for an increase in the penalties and attorney fees awarded as well as additional attorney fees for responding to this appeal.

**APPELLANT'S ASSIGNMENTS OF ERROR:**

1. The trial court committed manifest error in awarding temporary total disability benefits from April 3, 2008 until June 19, 2008.

2. The trial court committed manifest error in awarding a $2,000.00 penalty for failure to pay a bill owed to Dr. Metoyer absent any evidence that the employer or insurer ever received written notice of the unpaid bill.

3. The trial court committed manifest error in awarding a penalty and attorney fees for failure to pay temporary total disability benefits, or alternatively committed manifest error in sustaining hearsay objections regarding whether the employer reasonably controverted Mr. Gradney's claim for benefits.

**LAW AND DISCUSSION ON THE MERITS:**

Standard of Review

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Banks v. Industrial Roofing & Sheet Metal Works*, 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556; *Smith v. Louisiana Dep't of Corrections*, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether

the factfinder's conclusion was a reasonable one. *Banks*, 96-2840 at pp. 7-8, 696 So.2d at 556; *Freeman*, 93-1530 at p. 5, 630 So.2d at 737-38; *Stobart v. State*, 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Banks*, 96-2840 at p. 8, 696 So.2d at 556; *Stobart*, 617 So.2d at 882. "Thus, 'if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' " *Banks*, 96-2840 at p. 8, 696 So.2d at 556 (quoting *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990)).

*Seal v. Gaylord Container Corp.*, 97-0688, p. 4 (La. 12/2/91), 704 So.2d 1161, 1164 (alteration in original).

## Temporary Total Disability Benefits

LCL contends that the trial court erred in awarding TTD benefits to Gradney. It argues that Gradney has failed to show any objective signs of injury and that, at most, he is entitled to only two days of TTD benefits.

Generally, a workers' compensation claimant must prove by a preponderance of the evidence that he has suffered a work-related accident and injury. *Smith v. Town of Olla*, 07-384 (La.App. 3 Cir. 10/3/07), 966 So.2d 1165.

A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). Corroboration of the worker's testimony may be provided by the testimony of co-workers, spouses, friends, or by medical evidence. *Id*.

*Id*. at 1169 (quoting *Hebert v. C.G. Logan Constr., Inc.*, 06-612 (La.App. 3 Cir. 11/2/06), 942 So.2d 77, 80).

We note, however, that in cases of TTD benefits, La.R.S. 23:1221(1)(c) provides for an elevated burden of proof:

For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.

Under the application of either standard, we cannot say that the trial court was in manifest error or was clearly wrong in granting TTD benefits to Gradney. LCL's only argument in support of this assignment of error is that the benefits were awarded based on a "subjective pain complaint." We disagree. The record reflects that there was considerable objective evidence of an injury sustained on the job. Gradney sought treatment for the injury with Dr. Metoyer for several weeks. Dr. Metoyer ordered Gradney off of work until April 15, 2008, and diagnosed Gradney with a strained groin. He continued to seek treatment at the Metoyer Medical Clinic after April 15, 2008, and up until June 19, 2008. Gradney's injury required the use of crutches in order for him to walk. Moreover, the injury was thought serious enough that pain killers were prescribed and an MRI was ordered.

Upon reviewing the record, we find that there is ample evidence to support Gradney having proved by clear and convincing evidence that he was not capable of working over the period of April 3, 2008 through June 19, 2008. For this reason, we find that the trial court did not err in awarding TTD benefits for that period.

<u>Penalties and Attorney Fees</u>

LCL next contends that the trial court erred in awarding $2,000.00 for LCL's failure to pay a medical bill to Dr. Metoyer. It argues that it had no notice of the bill

and that it should therefore not be penalized.

Louisiana Revised Statutes 23:1201(E) provides: "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof."

A workers' compensation judge has great discretion in awarding penalties and attorney fees, and his determination should not be disturbed in the absence of manifest error. *Meche v. Foremost Mgmt. Corp.*, 95-238 (La.App. 3 Cir. 10/4/95), 663 So.2d 325.

In support of its argument, LCL cites *Daniels v. Keller Supply, Inc.*, 02-2767 (La.App. 4 Cir. 8/6/03), 854 So.2d 416. We find the case to be distinguishable on the facts. *Daniels* addresses La.R.S. 23:1201(E) and whether penalties were owed by an employer when it failed to timely pay an emergency room bill for treatment of an employee's injuries. The court reversed the ruling of the trial court and found that penalties for failure to pay the bill were not appropriate. The court reached this conclusion based on the fact that no one ever notified the employer that Dr. Seltzer was treating the employee or requested that the employer pay for the treatment. In the matter before us, LCL was aware that Gradney was being treated by Dr. Metoyer, as Gradney had previously filled out a "choice of physician" form electing Dr. Metoyer as his treating physician. Moreover, there was significant communication between Dr. Metoyer and the LCL insurer regarding all of Gradney's visits to the clinic and the prescriptions given to him. LCL was also notified of the specific unpaid bill at the time of Gradney's deposition.

After considering the facts and the great discretion owed to the trial court's determination on the issue, we cannot find that the trial court was clearly wrong or

in manifest error by awarding the $2,000.00 penalty.

In its next assignment of error, LCL contends that the trial court erred in awarding attorney fees of $7,500.00 and penalties of $2,000.00 to Gradney after LCL failed to pay TTD benefits.

Penalties and attorney fees are awarded when an employer or his insurer fails to timely pay benefits owed to an employee, unless the claim for benefits has been reasonably controverted or the nonpayment was a result of conditions over which the employer or his insurer had no control. La.R.S. 23:1201(F); *Brown v. Texas-LA Cartage, Inc.*, 98-1063 (La. 12/1/98), 721 So.2d 885.

An employee's right to benefits will be considered to be reasonably controverted when the employer or his insurer had "sufficient factual information to reasonably counter the factual information presented by the claimant." *Thibodeaux v. L.S. Womack, Inc.*, 94-1375, p. 2 (La.App. 3 Cir. 4/5/95), 653 So.2d 123, 125.

LCL has not offered an argument setting forth any factual information that might suggest that Gradney's right to benefits has been reasonably controverted. Instead, it only argues that the trial court erred in granting hearsay exceptions and in not allowing LCL to make a proffer to set forth the nature of the evidence intended in the testimony. While this court acknowledges that the proffer should have been allowed, the proper procedure for LCL would have been to seek supervisory writs on the trial court's evidentiary ruling. La.Code Civ.P. art. 2201; *Orrill v. Orrill*, 08-400 (La.App. 4 Cir. 2/4/09), 5 So.3d 279.

For the foregoing reasons, and in accordance with the great deference afforded to the trial court in awarding penalties and attorney fees, we find that the assignment of error is without merit. Furthermore, upon Gradney's request in answer to this

appeal, we grant an additional $2,500.00 in attorney fees for added legal services rendered in taking this appeal.

**CONCLUSION:**

For the foregoing reasons, we affirm the trial court's grant to Gradney of TTD benefits, $2,000.00 in penalties for LCL's failure to pay medical bills, $2,000.00 in penalties for LCL's failure to pay TTD benefits, and $7,500.00 in attorney fees. We also grant an additional $2,500.00 in attorney fees for work done on this appeal. Costs of this appeal are assessed to LCL.

**AFFIRMED AS AMENDED.**

SHAWN GRADNEY

VERSUS

LOUISIANA COMMERCIAL LAUNDRY

**CHATELAIN, Judge, concurring.**

I write separately to express my concerns about two aspects of this case: (1) the need for objective medical evidence to show that Mr. Gradney was unable to return to work and (2) the majority opinion's statement regarding Louisiana Commercial Laundry-Single Source Supply's (LCL) argument about the trial court's disallowance of several proffers.

It is well settled that an employee seeking temporary total disability benefits (TTD) must prove his claim by clear and convincing evidence. The "clear and convincing" standard is a heavier burden of proof than the usual civil case standard of "preponderance of the evidence" but is less burdensome than the "beyond a reasonable doubt" standard of criminal prosecution. *Chatelain v. State, Dep't of Transp. & Dev.*, 586 So.2d 1373, 1378 (La.1991). To prove a matter by "clear and convincing" evidence means to demonstrate that the existence of a disputed fact is highly probable, in other words, much more probable than not. *Fritz v. Home Furniture-Lafayette*, 95-1705, p. 3 (La.App. 3 Cir. 7/24/96), 677 So.2d 1132, 1134.

In brief, LCL argues, relying upon *Wiley v. Kenneth Parker Logging*, 97-1247 (La.App. 3 Cir. 3/6/98), 711 So.2d 297, that Mr. Gradney could only meet his "clear and convincing" standard of proof by introducing objective medical evidence to support his claim for TTD benefits. I agree that *Wiley* makes such a statement.

However, my review of *Bailey v. Smelser Oil & Gas Inc.*, 620 So.2d 277 (La.1993), the case relied upon in *Wiley* for that proposition, does not appear to support that statement.

In *Bailey*, our supreme court addressed the "clear and convincing" standard applicable in TTD cases and stated: "Disability *can* be proven by medical and lay testimony. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden." *Id.* at 281 (emphasis added) (citation omitted). After reading *Bailey*, I do not see where objective medical evidence is a mandatory requirement for recovery. As I see it, medical evidence is an important ingredient of the claimant's burden of proof, but it is only part of the totality of evidence to be weighed.

Nonetheless, after examining the record of this matter, I agree with the majority's determination relative to TTD. Even if Mr. Gradney did not provide objective medical evidence beyond April 15, 2008, that he was unable to return to work, there is no manifest error in the trial court's evaluation of other evidence in reaching its determination that Mr. Gradney met his higher burden of proof for the short period of disability claimed.

I next address the question of proffer. Although I agree with the majority's resolution of this issue, I further write to briefly express my concern with the majority opinion's statement that LCL should have sought supervisory writs on the lower court's evidentiary ruling about its proffer. I respectfully suggest that supervisory writs are not required in such a case. In fact, as I examine La.Code Civ.P. art. 1636 it is apparent that the very purpose of requiring a proffer is to preserve excluded testimony for appellate review. *See Sher v. Lafayette Ins. Co.*, 07-2441 (La. 4/8/08),

988 So.2d 186.

My review of the record indicates an initial instance where LCL mentioned the need to make a proffer. In response to that request, the trial court instructed LCL to "proffer it by deposition after the trial." At that point, LCL neither objected to the trial court's ruling nor sought to either "make a complete record . . . or make a statement setting forth the nature of the evidence" as delineated in La.Code Civ.P. art. 1636(A). The same scenario played out in two other occasions. Without a proffer being attempted and denied,[1] I find LCL waived these objections. *Id.*; *Hudspeth v. Smith*, 42,647 (La.App. 2 Cir. 11/7/07), 969 So.2d 793.

---

[1]As provided in La.Code Civ.P. art. 1636, the trial court may allow "any excluded evidence to be offered . . . by deposition taken . . . within thirty days subsequent to the exclusion of any such evidence or the completion of the trial or hearing, whichever is later." Even though the trial court allowed LCL to utilize this mode of proffer, the record is void of any evidence that such mode of proffer was ever attempted.