NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-311

JOHN D. HIGLEY

VERSUS

UNIVERSITY OF LOUISIANA SYSTEM, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20095589
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and John E. Conery, Judges.

AFFIRMED.

Michael W. Landry
Assistant Attorney General
One Lakeshore Drive., Suite 1200
Lake Charles, LA 70629
(337) 491-2880
COUNSEL FOR DEFENDANT/APPELLEE:
    Board of Supervisors for the University of Louisiana Systems

**Frank E. Barber**
**Carolyn D. Deal**
**116 Field Street**
**New Iberia, LA 70560-4487**
**(337) 256-8370**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**John D. Higley**

**SAUNDERS, Judge.**

This appeal arises from a personal injury suit wherein the lower court found in favor of defendant, University of Louisiana System (hereinafter "Defendant") and against plaintiff, John Douglas Higley (hereinafter "Plaintiff"). Plaintiff alleged that Defendant acted negligently by failing to repair a pothole in Defendant's parking lot, causing Plaintiff to trip and sustain injuries. The lower court found that Plaintiff failed to prove his case by a preponderance of the evidence. We affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff attended a football game at Cajun Field on the University of Louisiana at Lafayette campus on September 20, 2008. He drove to the game with Sidney Landry, who died shortly thereafter, and Sandra Foutz. As they walked from the car to an alumni tent before the game, Plaintiff allegedly stepped in a pothole in the parking lot and fractured his hip. Ms. Foutz did not witness this fall. After that, walking across a grassy area, Plaintiff fell to one knee, which Ms. Foutz did witness. He told Ms. Foutz that he had stepped in a hole. At the bench trail, Plaintiff testified as follows:

Q: When you arrived at the alumni tent, what did you do? Did you eat, sit? What did you do?

A: Well, before that, when they met me there on the grassy knoll and we started to walk into the alumni tent, I put weight on my right leg and it really hurt. And I kind of -- I don't know if I made a sound or not, but I think I did. I dropped to my left knee, and they said, you know, "What's the matter with you?" And I said, "I fell in a hole," you know. And which was, you know, what I had done earlier.

Ms. Foutz testified as follows:

Q: Okay. Now, did you witness Mr. Higley fall?

A: The only memory I have of him falling was after we had transversed the parking lot, we walked across the concrete area

that leads to the gates. And on the other side it was grassy. And the grass was very slippery because it had been raining. And Mr. Higley slipped and fell to one knee. And I seem to remember him saying there was a hole or something there that he had stepped in.

On cross-examination, Ms. Foutz further testified:

Q: And when Mr. Higley said he fell in a hole, could he have been talking about an earlier fall on the trip from the car to the alumni tent?

A: (No response from the witness.)

Q: I know you assume that he had said that he had slipped in a hole there, but could he have been referring to an earlier fall from the context of his –

A: From the context of our conversation, it -- I -- it seemed that he was talking about the fall –

Q: That you saw.

A: -- that I saw.

Ms. Foutz testified that the grass was wet when Plaintiff slipped, whereas Plaintiff testified to the contrary. Also, Ms. Foutz testified that the three people walked from the car to the alumni tent together, whereas Plaintiff testified they walked separately. Plaintiff testified that later he fell again in the alumni tent when he stood up to walk to the stadium, but that Mr. Landry and Ms. Foutz were not with him at that time. Plaintiff then watched the game and drove home. Plaintiff's medical records show that he sought medical treatment four days later for pain in his hip which had continued since the day of the game. The injury was eventually diagnosed as a hip fracture, and Plaintiff underwent surgery.

Plaintiff brought a negligence claim against Defendant for failing to repair the pothole in the parking lot, thereby causing his injury. After a bench trial on November 19, 2012, the trial court found that Plaintiff's testimony lacked credibility and that Plaintiff did not meet his burden of proof. The trial court

granted judgment in favor of Defendant. Plaintiff now appeals the trial court's decision.

## ASSIGNMENT OF ERROR

The trial court erred in ruling against Plaintiff because "Defendant was negligent in allowing a large hole, which created a trip hazard to pedestrians, to exist in a parking lot where large numbers were expected and encouraged to walk. [This] hazardous condition caused injury to the plaintiff."

## LAW AND ANALYSIS

A court of appeal reviews a trial court's or a jury's factual determinations under the manifest error standard; such determinations may not be overturned unless they are found to be "manifestly erroneous" or "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The role of an appellate court is not to review factual issues *de novo*. *Id.* Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Id.* Furthermore, "[w]here there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong." *Gradney v. La. Commercial Laundry*, 09-1465, p. 3 (La.App. 3 Cir. 5/12/10), 38 So.3d 1115, 1118.

When findings are based on determinations of witnesses' credibility, as in this case, "the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell*, 549 So.2d at 844.

In this case, Plaintiff contends that Defendant was negligent in allowing the pothole to exist and that the pothole caused his injury. Defendant does not dispute

the existence of the pothole. Rather, Defendant suggests Plaintiff's injury was actually caused by slipping in the grass. After considering the evidence in support of each view and weighing the credibility of each witness, the trial court held that Plaintiff did not prove by a preponderance that the events in his claim occurred. We find that the record contains a reasonable factual basis for this determination, as summarized below.

The record shows testimony by Ms. Foutz stating that she saw Plaintiff slip in the grass and did not see him step in a pothole. Plaintiff produced no witness to his fall in the pothole despite testifying that he was surrounded by a crowd of people. It is uncontested that Plaintiff reported neither his injury nor the pothole that day, even though he formerly held the position of Director of the Office of Risk Management of the same university. Defendant also suggests that Plaintiff used knowledge gained from his career in insurance and risk management to increase the likelihood of success for his claim by claiming he tripped in the pothole rather than on wet grass, which he knew would not be as strong a claim. Defendant also offers that Plaintiff had a checkered criminal history including being convicted of mail fraud less than 10 years earlier.

The trial court did not find Plaintiff to be a credible witness. In its written reasons for judgment, the trial court explained:

> The court finds that the testimony of the plaintiff, John D. Higley, regarding the events of the alleged accident on September 20, 2008 lacked credibility. The court, on the other hand, finds that the testimony of the eye witness, Mrs. Foutz was credible, in that the court was convinced that she spoke the truth about facts within her knowledge; and furthermore, she gave statements which contradicted much of plaintiff's testimony.

It is the province of the factfinder, not of this court, to weigh the evidence and assess Plaintiff's credibility. Whether Plaintiff stepped in the pothole and whether this caused Plaintiff's injury is a determination of fact to be left to the

4

factfinder. We find that, given the evidence discussed herein, the trial court's evaluations of credibility and inferences of fact were reasonable and should not be disturbed. The record shows a reasonable factual basis for the trial court's determinations that Plaintiff failed to prove his version of events occurred more probably than not. Therefore, the trial court's determinations are neither manifestly erroneous nor clearly wrong. Plaintiff's failure to convince the trial court of the facts of his case does not signal manifest error.

In the alternative, Defendant argues that even if the pothole caused Plaintiff's injury, the condition was open and obvious. Because this court finds no manifest error in the trial court's ruling based on Plaintiff's credibility and burden of proof, we decline to address the merits of Defendant's argument that the pothole was open and obvious.

## CONCLUSION

In conclusion, we find no manifest error by the trial court in reaching its judgment. We affirm the trial court's ruling granting judgment for the defendant, University of Louisiana System. All costs of this appeal are assessed to plaintiff, John Douglas Higley.

**AFFIRMED.**