STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1403


JODY MATT

VERSUS

DUAL TRUCKING, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF AVOYELLES, NO. 12-00726
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell,
Judges.


                                                          **AFFIRMED.**


**Peters, J., dissents and assigns written reasons.**


Mark Louis Riley
Glenn Armentor Corp.
300 Stewart St.
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
     Jody Matt

**Todd Anthony Delcambre**
**Law Offices of Henry H. LeBas**
**201 Rue Iberville, Suite 600**
**Lafayette, LA 70508**
**(337) 236-5500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Dual Trucking, Inc.**

**SAUNDERS, Judge.**

This is a workers' compensation case involving the propriety of the WCJ granting the employer's motion for summary judgment dismissing it from the workers' claim. According to the worker, he was exposed to various chemical residues while cleaning the employer's tanks and this exposure caused him to have adverse health conditions. The employer contends that the worker cannot carry his burden to prove causation between any exposure to chemicals he had and any illness or injury he suffers.

**FACTS AND PROCEDURAL HISTORY:**

Jody Matt was the employee of Dual Trucking, Inc. (Dual) in Scott, Louisiana. One of Matt's job duties involved him cleaning tanks which he contends were toxic, hazardous, and/or radioactive. On March 24, 2011, Matt asserts that he was exposed to chemical residues while cleaning these tanks, and that, thereafter, he became sick due to the exposure.

On January 24, 2012, Matt filed a 1008 disputed claim for compensation against Dual. On July 24, 2012, Matt underwent an examination by his choice of physician, Dr. Tony Alleman, a board certified physician in occupational medicine. Dr. Alleman's report contained the following pertinent language:

> While it is almost certain that Mr. Matt has been exposed to a variety of toxins, some of which may have been at levels sufficient to cause disease, there is no condition at this time that seems to be unquestionably related to his occupational exposures of benzene, hydrogen sulfide and radioactive material.

Based on this report, Dual filed a motion for summary judgment on July 8, 2013. The WCJ held a hearing on this motion on September 5, 2013. After the hearing, on the same date, the WCJ granted Dual's motion. Matt appeals and raises a single assignment of error.

**DISCUSSION OF THE MERITS:**

Matt's sole assignment of error is that the trial court erroneously granted Dual's motion for summary judgment. We disagree.

Summary judgments are reviewed de novo. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id.* A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

Dual, as the movant, has the initial burden of proof for its motion for summary judgment. However, at trial, Matt, as the employee, has the burden to prove that he is entitled to workers' compensation benefits due to an accident or injury occurring during the course and scope of his employment. *Gradney v. La. Commercial Laundry*, 09-1465 (La.App. 3 Cir. 5/12/10), 38 So.3d 1115. An essential element to Matt's burden to prove entitlement to workers' compensation

benefits is that his work-related injury or illness was caused by his work-related accident.

Dual noted to the WCJ that there was a lack of factual support for finding that Matt's alleged exposure to chemicals caused any of his medical conditions. Thus, as referenced by the WCJ, the burden shifted to Matt "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." La.Code Civ.P. art. 966(C)(2).

After a thorough review of the record before us, we agree wit the WCJ that Matt failed to show that he can carry his burden to prove that any injuries or illnesses were caused by any exposure to any chemical. The only evidence in the record related to causation of Matt's alleged symptoms is the report of Dr. Alleman. The report was obtained by Matt on December 10, 2012. It indicated the results from an examination Matt underwent by Dr. Alleman on July 24, 2012. It contained the following pertinent language:

> While it is almost certain that Mr. Matt has been exposed to a variety of toxins, some of which may have been at levels sufficient to cause disease, there is no condition at this time that seems to be unquestionably related to his occupational exposures of benzene, hydrogen sulfide and radioactive material.

We read this excerpt to state that even if there was exposure, it has not caused any harm as of the date of examination. Matt's argument on appeal is that his case is complex and, given this complexity, he has not had enough time to find the evidence necessary to link his exposure to his illness. We find no credence to his assertion.

The record indicates that Matt had been in possession of Dr. Alleman's report since December 10, 2012, and has not yet seen or even been scheduled to see another physician for a second opinion on whether any symptom he

experiences is related to chemical exposure. Further, Matt was aware of Dual's motion for summary judgment for nearly two months prior to the hearing on the matter. The WCJ granted the only motion for a continuance Matt sought. In that motion, counsel for Matt requested that this matter be reset from mid-August to September 5, 2013, the date that the hearing on the motion transpired. Matt's counsel cited a conflict with the date scheduled as the reason for requesting the continuance, not that more time was necessary to successfully seek a second medical opinion on this issue. Accordingly, given the status of the record, we find no merit to the assigned error.

**CONCLUSION:**

Jody Matt raised a single assignment of error asserting that the trial court erred in granting Dual Trucking, Inc.'s motion for summary judgment dismissing it from the case. We find no evidence in the record that Matt can carry his burden to prove causation between his alleged exposure to chemicals while on the job and any injury or symptom that he has sustained. Thus, we find no error by the WCJ in granting Dual's motion. All costs of these proceedings are assessed to Jody Matt.

**AFFIRMED.**

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 13-1403

JODY MATT

VERSUS

DUAL TRUCKING, INC.

**PETERS, J. dissents.**

I respectfully disagree with the majority's determination that the workers' compensation judge (WCJ) did not err in granting the motion for summary judgment filed by Dual Trucking, Inc. (Dual Trucking). While the majority correctly notes that Dual Trucking's burden is governed by La.Code Civ.P. art. 966(C)(2), I do not find that that burden has been met.

Since it did not bear the burden of proof at trial, Dual Trucking's burden was establish that "there is an absence of factual support for one or more emements essential to" Mr. Matt's claim. *Id.* In this case, Dual Trucking attempted to show that Mr. Matt could not meet his burden of showing that his illness was, more probably than not, caused by his work-related exposure to chemical residues. In attempting to do so, Dual Trucking relied entirely on Dr. Alleman's report that "there is no condition at this time that seems to be *unquestionably* related to his occupational exposures to benzene, hydrogen sulfide and radioactive material." (Emphasis added.) The correct question for Dr. Alleman is whether Mr. Matt's condition is *more probably than not* related to his exposure to the various chemicals.

> [Louisiana Revised Statutes] 23:1031.1 provides every employee disabled by an occupational disease shall be entitled to

> compensation as if he received personal injury by an accident arising out of and in the course of his employment. [Louisiana Revised Statutes] 23:1031.1(B) defines an occupational disease as a disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.
>
> The initial question is factual, i.e., whether the plaintiff sustained an occupational disease resulting from causes and conditions characteristic of and peculiar to his particular occupation, process, or employment. The plaintiff is not required to prove the causal connection with absolute certainty. The plaintiff must establish the cause of his disability by a reasonable probability. *Peck v. Procter & Gamble Mfg. Co.*, 586 So.2d 714 (La.App. 3rd Cir.), *writ denied*, 590 So.2d 86 (1991).

*Stutes v. Koch Servs., Inc.*, 94-782, p. 4 (La.App. 3 Cir. 12/7/94), 649 So.2d 987, 990, *writ denied*, 95-846 (La. 5/5/95), 654 So.2d 335.

We are left to speculate how Dr. Alleman would have answered that question.

Given Dual Trucking's failure to establish that there is an absence of factual support for this element of Mr. Matt's claim, the burden did not shift to require Mr. Matt to produce any evidence. The WCJ should have rejected the motion for summary judgment on the showing made.

Even had Dr. Alleman's report addressed this issue, it would still not have been sufficient to meet Dual Trucking's burden. Louisiana Code of Civil Procedure Article 966(B)(2) provides in pertinent part that:

> The judgment sought shall be rendered forthwith if *the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits*, if any, admitted for purposes of the motions for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

Dr. Allman's report fits none of these categories and, therefore, is not to be considered by the WCJ in rendering judgment on this issue.

I would reverse the grant of the summary judgment and remand for further proceedings.

2