# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-61

**KIM DOUCET, ET UX.**

**VERSUS**

**KEITH ALLEMAN, ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20111110
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Carol S. Hunter**
**Assistant Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Department of Transportation & Development**

**Francis X. Neuner, Jr.**
**NeunerPate**
**P.O. Box 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Dept. of Pub. Saf. & Corr(Probation & Parole)**

**Andrew Blanchfield**
**Nancy B. Gilbert**
**Tori S. Bowling**
**Keogh, Cox & Wilson, Ltd.**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Continental Casualty Company**
    **Harley Davidson Inc.**

**Ian Alexander Macdonald**
**Jones Walker**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 593-7601**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Progressive Security Ins. Co.**
    **Keith Alleman**

**Franklin Johnson Foil**
**Foil Law Firm**
**P. O. Box 4288**
**Baton Rouge, LA 70821-4288**
**(225) 382-3264**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Jerry Jones**

Mark Reese Pharr, III
Galloway, Johnson, et al
328 Settlers Trace Blvd.
Lafayette, LA 70508
(337) 735-1760
COUNSEL FOR DEFENDANT/APPELLEE:
    Barrett Moving and Storage Co.

Michael J. Remondet, Jr.
Jeansonne & Remondet
P.O Box 91530
Lafayette, LA 70509
(337) 237-4370
COUNSEL FOR DEFENDANT/APPELLEE:
    National Casualty Company
    Cajun Cycles, Inc.

Scott A. Dartez
Perrin, Landry, deLauney, Dartez
251 La Rue France
Lafayette, LA 70508
(337) 237-8500
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Gaston Doucet
    Kim Doucet

Samuel Bryan Gabb
Plauche, Smith & Nieset
1123 Pithon Street
Lake Charles, LA 70601
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
    Secon, Inc.

Joseph Richard Pousson, Jr.
Plauche', Smith & Nieset
P. O. Box 1705
Lake Charles, LA 70602
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
    Secon, Inc.

Gerard Joseph Dragna
Perrier & Lacoste, LLC
365 Canal Street, #2550
New Orleans, LA 70130
(504) 212-8820
COUNSEL FOR DEFENDANT/APPELLEE:
    Suddath Relocation Systems ofMinnestoa, Inc.

**Jean Albert Ouellet**
**Perrin, Landry, deLaunay**
**251 La Rue Fance**
**Lafayette, LA 70508**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Kim Doucet**
**Gaston Doucet**

**Jennie Porche Pellegrin**
**NeunerPate**
**1001 W. Pinhook, Suite 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Louisiana Dept. of Pub. Saf. & Corr(Probation & Parole)**

**Gregory A. Koury**
**Andrew P. Hill**
**Koury & Hill, LLC**
**P. O. Box 52025**
**Lafayette, LA 70505-2025**
**(337) 993-1842**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Kim Doucet**
**Gaston Doucet**

**Lindsay L. Meador**
**Galloway, Johnson, Tompkins**
**328 Settlers Trace Blvd**
**Lafayette, LA 70508**
**(337) 735-1760**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Barrett Moving and Storage Co.**

**Chaz H. Roberts**
**Attorney at Law**
**P. O. Box 53936**
**Lafayette, LA 70505**
**(337) 504-3202**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Kim Doucet**
**Gaston Doucet**

**Eric Winder Sella**
**Perrier & Lacoste, LLC**
**365 Canal Street, Suite 2550**
**New Orleans, LA 70130**
**(504) 212-8820**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Suddath Relocation Systems ofMinnestoa, Inc.**

**Cajun Harley Davidson**
        **Cajun Cycles, Inc.**

**SAUNDERS, Judge.**

This is an automobile accident case wherein a motorcycle rider was fatally injured when an oncoming vehicle lost control, crossed the center line, and struck the rider. The accident occurred while the motorcycle rider was participating in a demonstration ride. This case deals solely with the defendants that were the organizers/hosts of the demonstration ride and whether they were entitled to a summary judgment granted unto them by the trial court that dismissed them from the case.

## FACTS AND PROCEDURAL HISTORY:

On or about March 26, 2010, in Scott, Louisiana, Ralph Doucet was participating in a promotional event, a "demo ride," when he was fatally struck by a vehicle driven by Keith Alleman. According to Alleman, he was distracted by the motorcycle riders because he was interested in seeing the bikes they were riding. Alleman stated that he was distracted, left the roadway, attempted to reenter the roadway, overcorrected, crossed the center line, and struck Doucet, fatally injuring him.

The demo ride was sponsored by Harley-Davidson and hosted by Cajun Cycles, Inc. d/b/a Cajun Harley-Davidson in Scott, Louisiana (collectively, the "Harley Appellees"). Kim Doucet and Gaston Doucet (collectively, the "Doucet Appellants") filed suit against various defendants, including the Harley Appellees.

The Harley Appellees filed a motion for summary judgment based on the assertion that the Doucet Appellants could not carry their burden to prove at trial that the Harley Appellees were negligent. The trial court granted the Harley Appellees' motion, and the Doucet Appellants have appealed, alleging six assignments of error.

## ASSIGNMENTS OF ERROR:

1.    The [t]rial [c]ourt erred by granting summary judgment in favor of the Harley Appellees because the Harley Appellees did not negate any elements of the Doucet Appellants' claims[,] and the record contains sufficient evidence to establish a prima facie case of negligence against the Harley Appellees.

2.    The [t]rial [c]ourt erred by granting summary judgment in favor of the Harley Appellees because Harley-Davidson owed a duty to take reasonable safety measures to protect [p]romotion participants, as Harley-Davidson was intimately connected to the dealer demo event and derived substantial benefits from such promotions.

3.    The [t]rial [c]ourt erred by granting summary judgment in favor of the Harley Appellees because the [c]ollision was sufficiently foreseeable to impose a duty on Harley-Davidson to implement reasonable safety measures.

4.    The [t]rial [c]ourt erred by granting summary judgment in favor of the Harley Appellees because Harley-Davidson breached its duty by failing to take reasonable, necessary safety precautions to protect participants in its demo rides.

5.    The [t]rial [c]ourt erred by granting summary judgment in favor of the Harley Appellees because there are genuine disputes of material fact regarding Alleman's alleged intoxication.

6.    The [t]rial [c]ourt erred by granting summary judgment in favor of the Harley Appellees because policy favors articulated by the Louisiana Supreme Court favor the imposition of liability under these facts.

**ASSIGNMENT OF ERROR NUMBER ONE:**

In their first assignment of error, the Doucet Appellants contend that the trial court erred in granting summary judgment in favor of the Harley Appellees because they did not negate any elements of the Doucet Appellants' negligence claims and because the record contains sufficient evidence to establish that the Doucet Appellants can make a prima facie showing of their negligence claims against the Harley Appellees. We find no merit to this assignment of error.

> Summary judgments are reviewed de novo. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art.

2

966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

*Matt v. Dual Trucking, Inc.*, 13-1403, p. 2 (La.App. 3 Cir. 6/4/14), 139 So.3d 1210, 1211.

At issue before us is the Doucet Appellants' negligence claim against the Harley Appellees. The Harley Appellees, as movants, have the initial burden of proof on their motion for summary judgment seeking dismissal from the case. However, the Doucet Appellants, as plaintiffs in a negligence claim, have the burden of proof for their negligence claim against the Harley Appellees at trial. Thus, under La.Code Civ.P. art. 966(C)(2), the Harley Appellees need only to show that there is an absence of support for an essential element of the Doucet Appellants' negligence claim. Thereafter, the burden shifts to the Doucet Appellants to produce support for that element of their claim.

"In order for liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) duty, (2) breach, (3) cause-in-fact, (4) scope of duty/scope of risk, and (5) actual damages. *Pinsonneault v. Merch. & Farmers*

3

*Bank & Trust Co.*, 01-2217 (La.4/3/02), 816 So.2d 270." *Ravey v. Rockworks, LLC*, 12-1305, p. 3 (La.App. 3 Cir. 4/10/13), 111 So.3d 1187, 1190.

The Harley Appellees contend, *inter alia*, that they had no duty to the Doucet Appellants. Specifically, they allege that there is no legal requirement to obtain a police escort for the demo riders. Further, they argue that there is no evidence that any of their conduct breached any duty they have to the Doucet Appellants. Finally, they argue that there is an absence of evidence that any damages suffered by the Doucet Appellants fell within the scope of the duty of their conduct, regardless of whether that conduct breached any duty.

The Doucet Appellants argue that the Harley Appellees' negligent conduct includes their failure to obtain a police escort for the demo ride and their failure to require that the demo riders wear safety gear and use headlight modulators. According to the Doucet Appellants, these failures by the Harley Appellees made the riders less conspicuous to other drivers. Further, the Doucet Appellants contend that the route selection by the Harley Appellees exacerbated their negligence as the roadway had unforgiving shoulders, steep slopes, and sharp curves.

First, we address whether the Harley Appellees had a duty to obtain a police escort for the demo riders. The only evidence that the Doucet Appellants cite for the proposition that the Harley Appellees have a duty to obtain a police escort for the demo riders is SCOTT, LA., CODE § 30-56(a) (2013), which states:

> Any procession, march, parade or trail ride of any kind or for whatever purpose by any group, association or organization, on any public sidewalk, street, highway, bridge, alley, road or other public passageway of the city, is hereby prohibited unless there first has been obtained a permit therefor, and in all cases the group, association or organization to whom the permit is issued shall be liable for all damage to property or persons which may arise out of or in connection with any such procession, march, parade or trail ride for

4

which the permit is issued. Additionally, the group, association or organization applying for the permit shall provide a certificate of general liability and automobile liability insurance, insuring against any damage to property or persons which may arise out of or in connection with any such procession, march, parade or trail ride, such general liability and automobile liability insurances each to contain limits not less than $100,000.00 per person and $300,000.00 for each occurrence with respect to bodily injury or death, and $100,000.00 for each occurrence with respect to property damage. Automobile liability insurance shall not be required for trail rides unless a vehicle participates in the trail ride.

The plain language of this ordinance cannot reasonably be interpreted to require that a police escort is necessary in order to receive a permit. Contrarily, there is no mention of a police escort in the ordinance, and its requirements are such more geared to reduce exposure to any liability and to generate funds via granting a permit. Thus, regardless of whether the Harley Appellees were required to obtain a permit for the demo ride, there is no requirement that they obtain a police escort and failure to obtain a police escort does not fall within the Harley Appellees' duty imposed by the ordinance. Accordingly, we find that the Harley Appellees had no duty to the Doucet Appellants to obtain a police escort.

Next, we address whether the Harley Appellees' failure to require demo riders to wear safety gear and use headlight modulators and whether the Doucet Appellants can carry their burden to prove that this failure constitutes negligence. The Doucet Appellants point to the affidavit of Michael J. Matthews as evidence that they can do so.

Prior to discussing the merits of this affidavit, we must determine whether this affidavit is entitled to any weight. Although the Doucet Appellants proposed that Matthews was to be considered an expert, the trial court ruled on a motion in limine that Matthews' affidavit would be treated as lay opinion testimony. The Doucet Appellants did not appeal this ruling.

5

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
>
> (1) Rationally based on the perception of the witness; and
>
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

La.Code Evid. Art. 701.

Here, Matthews did not observe any facts or personally have any knowledge of what transpired to cause the accident. Thus, he has no first-hand perception of the accident, and his opinion on what actions could or should have been taken by the Harley Appellees in the context of negligence is not entitled to be considered as evidence.

After giving Matthews' affidavit its proper regard, we find no evidence in the record that the Harley Appellees breached its duty to take reasonable safety precautions to protect participants in demo rides by failing to require the demo riders to wear safety gear and use headlight modulators. Matthews' lay opinion was that the actions of the Harley Appellees caused the riders to be less conspicuous. Alleman, a motorcycle enthusiast, testified that his inattention to the roadway was caused by him seeing the riders and his desire to see the bikes being ridden. Accordingly, it is clear that Alleman's distraction that caused him to leave the roadway, overcorrect, and collide with Doucet would not have been lessened by the demo riders becoming more conspicuous. Seemingly, the opposite is true. Thus, even if Matthews' affidavit was to be considered evidence, it would have little weight.

Finally, the Doucet Appellants assert that the Harley Appellants' route selection constitutes negligence. The Doucet Appellants point to no evidence that an alternate, safer route existed. Rather, they only point out that the route chosen

6

by the Harley Appellees was unreasonably dangerous because the roadway had steep slopes, multiple sharp curves, and no shoulder.

As before, the Doucet Appellants point to no evidence that corroborates their assertion that the route was unreasonably dangerous. They rely on the testimony of Alleman that no shoulder exists at the crash site. It is clear from reading Alleman's testimony that his definition of a shoulder is a space next to the travel lanes "that has enough room to[,] at least[,] whether it's paved or grass, fit a car." Thus, Alleman's testimony on whether a shoulder was present is unreliable as it is dependent upon his personal definition of such. Further, the Doucet Appellants cite no evidence whatsoever to support their assertion that the roadway chosen had steep slopes or multiple sharp curves. Accordingly, we find that the Doucet Appellants cannot carry their burden to prove at trial that the Harley Appellees choice of route was negligent. Further, we note that the Doucet Appellants cite no authority and point to no evidence that a vendor of motor vehicles is responsible, in any fashion, for the conditions of roadways used by the motoring public when potential customers take their vehicles for a test drive.

In summation, the Doucet Appellants produced no evidence that the Harley Appellees had a duty to obtain a police escort for the demo ride, that the Harley Appellees breached their duty to take reasonable safety precautions to protect participants in demo rides by failing to require the demo riders to wear safety gear and use headlight modulators, and that the route chosen by the Harley Appellees constitutes negligence. Accordingly, the trial court correctly found that the Doucet Appellants could not carry their burden of proof at trial for their negligence claim against the Harley Appellees.

**ASSIGNMENTS OF ERROR NUMBERS TWO THROUGH SIX:**

Our findings in assignment of error number one render discussion and analysis of the remaining assignments moot.  As such, we will not address them.

**DISPOSITION:**

Kim Doucet and Gaston Doucet raise six assignments of error.  We find no merit in the first assignment of error.  Our finding in that assignment of error, that the Harley Appellees are entitled to summary judgment dismissing them from the case, renders the remaining assignments of error moot and dictates that we affirm the trial court's judgment.  Costs are assessed to Kim Doucet and Gaston Doucet.

**AFFIRMED.**